GONZÁLEZ *v.* GONZÁLEZ MÉNDEZ & CO.

APPEAL from the District Court of Humacao.

No. 131.—Decided February 21, 1906.

ACTIONS IN DEFAULT—DISSOLUTIONS OF ATTACHMENT UPON PROPERTY.—A litigant in default who prays for the dissolution of an attachment on his property must allege and duly show that he was prevented, by insuperable *force majeure,* from appearing at the trial.

ID.—CARELESSNESS OF ATTORNEY—INSUPERABLE FORCE MAJEURE.—Neither the failure of a lawyer, through forgetfulness to make his answer to a complaint include other defendants, nor the distance which such defendants may be from the place in which the notices were published, can be considered as insuperable *force majeure* for the purposes of the foregoing doctrine, especially where it is shown that notwithstanding such circumstances the defendants could have answered the complaint in due time; and therefore failure to do so was due to other reasons within their power to overcome.

STATEMENT OF THE CASE.

This is a declaratory action of greater import brought in the former District Court of Humacao by Petrona del Carmen González Resto against María, Juan and Ceferino Méndez, Rodríguez, and María Rodríguez López, *et al.,* for the

annulment of the instrument by which the membership of the firm of González, Méndez & Co. was changed, and the sale of interests and rights; and an incidental issue raised by Attorney Pedro de Aldrey y Montolio, on behalf of the said María, Juan, and Ceferino Méndez Rodríguez and María Rodríguez López, relating to the dissolution of an order of attachment of property issued against them upon their default being entered on account of their failure to appear and make answer to the complaint in due time. The incidental issue having been prosecuted and the oral hearing had, at which the evidence and the arguments of counsel for the parties were heard, the court rendered the following judgment:

"*Judgment.*—In the city of Humacao, April 18, 1903, an oral and public hearing was had of this incidental issue raised by Attorney Pedro de Aldrey y Montolio, on behalf of Manuel Méndez Rodríguez, Jacinto Gómez Sierra, Manuel García, María Rodríguez López, Ceferino, Juan and María Méndez Rodríguez for the dissolution of the attachment on property issued in the proceedings prosecuted by Petrona del Carmen González Resto, represented by Attorney Rafael López Landrón, against them and Vicenta González Alonso and Petrona Resto de Olozagasti for the annulment of an instrument changing the membership of the commercial firm of González, Méndez & Co.

"1. On April 8th of last year, Attorney Pedro de Aldrey, in the name and on behalf of Jacinto Gómez Sierra, Manuel García, María Rodríguez López, Manuel, Ceferino, Juan and María Méndez Rodríguez, filed a petition in the court in the action brought by Petrona del Carmen González Resto for the annulment of an instrument changing the membership of the commercial firm of González, Méndez & Co. and entered an appearance in the proceedings on behalf of the persons named stating that counsel for Petrona del Carmen González Resto, prayed that their default be entered, on the ground that the complaint had not been answered by Ceferino, Juan and María Méndez Rodríguez, and as a consequence of such action that an attachment be levied on their personal and real property; all of which was done by order of the court, an attachment being levied at the instance of the plaintiff, not on the property of the persons in default, only one of whom had his residence in this Island, but on property belonging to the commercial firm of Gómez & Méndez; that section 767 of the

Law of Civil Procedure provides that the seizure or attachment of property of persons whose default has been entered shall be dissolved when, upon entering an appearance, they shall clearly prove that they were unable to appear in the action on account of *force majeure;* that *force majeure* really did prevent the defendants in default from making answer to the complaint; that a glance at the record is sufficient to substantiate this; that Ceferino Méndez, who is a resident of Yabucoa, and who was personally cited and summoned, gave instructions to Attorney Leoncio García Valle to enter an appearance in the proceedings and answer the complaint, and he did the former in writing on May 1st, and the court admitted him as a party on behalf of Ceferino Méndez; that on October 18th of the same year, upon the same attorney making answer to the complaint, through forgetfulness, or undoubtedly through a clerical error, the answer was not made to include Ceferino Méndez, who was unable to foresee or avoid such an error. This act is one of *force majeure* inasmuch as it could not have been presumed that it would occur nor could it have been avoided; with regard to Juan and María Méndez López, *force majeure* is also alleged; that letters rogatory having been directed to Spain, of which country they are residents, for their citation and summons, they were not found in the towns designated, and, consequently, the party requested and the court ordered that they should be summoned by notices which were published in the *Gazette* of this Island of January 22 of the year mentioned, to appear and make answer to the complaint within a period of twenty days, which notice was again published the following 6th of May, allowing ten days more; upon the expiration of this period, the plaintiff prayed that the default of Ceferino Méndez Rodríguez and the parties last mentioned should be entered, and that their personal and real property be attached. If the defendants residing in Spain had been summoned personally to appear within a period of twenty days, it would have been absolutely impossible for them to appear within such time to make answer to the complaint, because even though perchance a direct vessel might be leaving the day following for this Island, it would necessarily arrive after the expiration of this period; what necessarily had to occur did occur; that the thirty days stated in said notices were not sufficient for the information to be communicated to them and to permit them to appear in court before the expiration thereof. What has been stated shows in a clear and precise manner that it was materially impossible for them to make answer to the complaint within the periods fixed; that insuperable *force majeure* prevented them from so doing, and he closes by praying the

court to hold that the default of Ceferino, Juan and María Méndez Rodríguez having been due to insuperable *force majeure,* as well as that of María Rodríguez López, the order directing the attachment of the property be vacated.

"2. By order of April 15th Attorney Pedro de Aldrey was recognized as a party on behalf of the persons for whom he appeared, the incidental issue was deemed to have been raised, and a separate record was ordered made embodying a copy of the petition and order and such other sections of the main record as the parties might designate within a period of three days.

"3. On April 25th Attorney Aldrey requested in writing that the following matters be made to form part of the separate record: A certified copy of the petition of Attorney Leoncio García Valle, at folio 70; a certified copy of the first supplementary prayer of the complaint and the third supplementary prayer of the petition at folio 117 of Attorney López Landrón, and the order thereon, of the petition of the same attorney, at folios 128 and 129, and the order thereon; and of the other documents at folios 131 and 133, and the order at folio 134; and with these matters and those indicated by the adverse party, the separate record was made up.

"4. Attorney García Valle, upon entering an appearance in the action, did so in the name and on behalf of Jacinto Gómez Sierra, Manuel Méndez Rodríguez, Manuel García Fernández and Ceferino Méndez.

"5. In his complaint the plaintiff prayed that letters rogatory issue through diplomatic channels, to include the insertions and uncertified copies which might be proper, for the summons of María Rodríguez López, Ceferino, Juan and María Méndez Rodríguez, residing in Luarca, Province of Oviedo, Asturias, Spain, and Vicenta González Alonso, a resident of La. Guardia.

"6. Attorney Rafael López Landrón alleged in a petition dated December 19th last that in view of the fact that the letters rogatory sent to Pravia for the citation and summons of the defendants who had not entered an appearance, could not be executed owing to the defendants not being known there, and their places of residence being likewise unknown, he prayed that they should be summoned by notices to be published in the *Official Gazette,* and this the court directed to be done by order of the 20th of said month of December.

"7. On the following 20th of February Attorney López Landrón filed a petition in which he alleged that the notice published for the citation and summons of the defendants had been inserted in No. 18 of the *Official Gazette,* for January 22d, last, and prayed for the

publication of another notice for a period of ten days, in the same form as the previous one, which petition the court granted by order of the 25th of said month of February, the notice being published on the 3d of the following month of March.

"8. On the 26th of the following month of March Attorney Rafael López Landrón filed a petition in which he alleged that as neither the absent defendants nor Ceferino Méndez Rodríguez nor Petrona Resto Negrón had answered the complaint, notwithstanding the fact that the period of the second notice had expired on March 18th, he prayed that their default should be entered and the complaint held to have been answered, and that the personal property of all kinds, of the defendants in default, be ordered seized and the real property attached, to an amount sufficient to cover 21,000 *pesos,* provincial money, or its equivalent, plus the interest, estimated at 12,000 *pesos,* and the costs, estimated at 500 *pesos,* which petition was granted by order of the 29th of the said month of March.

"9. According to the returns upon the letters rogatory sent to Spain for the summons of the defendants, they were not found either in Pravia or in Luarca; and the seizure and detachment were made by the bailiff and secretary of this court, being levied on the part ownership and rights and interests which the defendants in default had in 80 hogsheads of sugar, 10 casks of molasses, 2 horses, 11 carts, 5 supports on which to rest hogsheads, 2 carts with their beds, and 58 oxen. A cautionary notice was entered in the registry of property against a number of estates, to prohibit their alienation.

"10. By order of May 14th the separate record was ordered closed, and the petition of counsel was referred to counsel for Petrona del Carmen Gonzáles Resto, to Vicenta González Alonso and to Petrona Resto de Olozagasti, for specific answer in the incidental issue.

"11. On June 17th, Attorney Antonio Moreno Calderón, in substitution of Attorney Rafael López Landrón, made answer to the petition on behalf of Petrona del Carmen González Resto, contesting the claim of the adverse party and alleging, among other things, that there had been no case whatever of *force majeure* which had prevented them from appearing; that even though the arguments of the adverse party were correct, and assuming that they were cases of *force majeure,* it would not be sufficient for his purpose, because such cases must not be of *force majeure* only, but of insuperable *force majeure,* that is of such a nature that it could not be overcome nor met; in the first case mentioined in the petition the force would have been overcome by a little attention or interest on the part of the persons interested, and in the second, by the use of the telegraph or

cable, in view of the urgency of the matter; that Ceferino Méndez, and his other brother who came from Spain with powers of attorney from the family, was in Yabucoa when notice of the complaint was ordered served on them and when the two notices were published; and in further proof, he sold rights and interests to Rodríguez, an uncle of theirs by blood and a merchant of said city, on the very date the first notice was published; and he closes with the prayer that it be held that the issues were joined in the incidental matter, that evidence be heard, and that the prayers of the petitioner in the incidental issue be denied in so far as they relate to the dissolution of the order of seizure of the personal property and the attachment of the real property, with the costs against the adverse party.

"12. By order of June 25th upon the petition of Attorney Aldrey, the period allowed Vicenta González and Petrona Resto to make answer to the complaint in the incidental issue having expired without their having made such answer, it was held to have been made and the following 10th of July, at 3 p. m., was set for the submission of evidence.

"13. On the day set the parties appeared before the examining judge, and Attorney Aldrey submitted as evidence the comparison with their originals of the certified copies of record at folios 1 to 19 inclusive, and Mr. Vallecillo, counsel for Petrona del Carmen González Resto, also proposed as evidence the deed executed before Notary Antonio Aldrey by Juan Méndez Rodríguez, in his own right and as the attorney in fact of his mother, María Rodríguez López, and his sister, María Méndez Rodríguez, relating to the assignment of their rights and interests in the commercial firm of Gómez, Méndez & Co. to José Rodríguez de las Albas, requesting its comparison; and the testimony of witnesses Martín Martínez, Cándido Dapena, Juan Ortiz, Juan Berríos, Obdulio Benítez, José Ortiz García and Isidro Carrasquillo.

"14. The evidence proposed having been admitted as material, it was ordered to be taken, a day being set for the hearing, and upon the documents being compared, they were found to be correct.

"15. According to the deed executed by Juan Méndez Rodríguez, in his own name, and as the attorney in fact of his mother, María Rodríguez López, and his sister, María Méndez Rodríguez, on February 7, 1902, he transferred, conveyed and assigned to José Rodríguez de las Albas, all interests and rights whatsoever which he might have in the commercial firm of González, Méndez & Co., now Gómez, Méndez & Co., in Liquidation, subrogating him in his place and rights.

"16. On April 6th, last, which had been set for the hearing, Attorneys Pedro de Aldrey and Rafael López Landrón appeared in the capacity' in which they appear in the record, and after praying the court to consider the documentary evidence, the witnesses for the defendant were heard, Martín Martínez Lebrón testifying that toward the end of December, 1901, he was living in Yabucoa, and that about the beginning of February, 1902, Juan Méndez was there and told him that he had a power of attorney from his mother and sister to settle the litigation with Cuesta; Juan Berríos testified that he lived in Yabucoa in the year 1902, that the beginning of February, 1902, he saw Juan Méndez and Ceferino Méndez in said town, and that he had overheard a conversation in which Juan Méndez had said that he came with authority from his family to settle or sell what they had in the firm of Gómez, Méndez & Co., because they did not want any litigation; and Obdulio Benítez testified that the beginning of February, 1902, he saw Juan Méndez in the town of Yabucoa, and was present at a conversation which took place in the house of Martín Martínez, and that Juan Méndez had said that he came with a power of attorney from his mother and sister to sell what they had in the firm of Gómez, Méndez & Co., and with respect to the question which Martínez put to him in regard to the litigation with Cuesta, he replied that they did not want any litigation, and that said conversation took place towards the end of January. The testimony of the other witnesses having been waived by counsel for Petrona del Carmen González Resto, the parties made their arguments. Attorney Aldrey praying for the dissolution of the attachment levied on the property of Ceferino, Juan and María Méndez Rodríguez, on the same grounds alleged in his petition of April 8, 1902, and Attorney Rafael López Landrón prayed for the dismissal of the incidental issue, with the costs against the petitioner therein, the proceedings being closed thereupon for voting upon the judgment, which act took place on the 18th instant.

"17. In the conduct of these proceedings all legal formalities have been observed.

"Associate Judge Ramón Quiñones y Quiñones prepared the opinnion of the court.

"Neither the forgetfulness of an attorney, in the event of such forgetfulness having been proved in the case, which has not been done, nor the distance at which some of the petitioners allege they were on the date upon which they should have filed their answer to the complaint, which fact they have not proved, can be considered as a case of insuperable *force majeure*, and much less if it be considered

that the forgetfulness could have been remedied and the distance overcome between January, 1902, when the notices were published, and March 29th of the same year, when by the entering of the default the period expired within which it was possible to admit the answer.

"We adjudge that this incidental complaint be dismissed, and consequently, that the dissolution of order of the seizure of the personal property of the plaintiffs herein and of the attachment levied on their real property does not lie, and that all the costs be taxed against the plaintiffs.

"Thus, by this our final judgment, do we pronounce, order and sign.—Salvador Fulladosa; Ramón Quiñones; Charles E. Foote."

From this judgment counsel for the petitioners took an appeal, which was allowed both for stay of proceedings and review, and the parties were cited and summoned. The appellant having appeared, the defect of failure of service of notice of the judgment on Vicenta González Alonso having been cured, and the appeal having been prosecuted, a day was set for the hearing, which was attended only by counsel for the appellants.

*Mr. Hernández López* for appellants.

The respondent did not appear.

MR. CHIEF JUSTICE QUIÑONES, after stating the foregoing facts, delivered the opinion of the court.

The findings of fact and the conclusions of law on the judgment appealed from are accepted.

Furthermore, in order to obtain a dissolution of the order of seizure and attachment of the property in the case at bar, article 767 of the law of Civil Procedure prescribed that the party was obliged to allege and clearly prove that he was unable to appear in the action on account of insuperable *force majeure;* and in this case, although it is alleged that the citation and summons did not become known to the petitioners on account of their residing in Spain, and the term of thirty days granted them for appearance was too short, it is a fact that during the term of the notices published for the citation of the petitioners, among them Juan Méndez Rodríguez, the latter was in Yabucoa, where in person and as the attorney in fact

of his mother, María Rodríguez López, and of his sister, María Méndez Rodríguez, he executed a deed assigning and transferring to José Rodríguez de las Albas their respective shares in the firm of Gómez Méndez & Co., as shown by the authenticated copy of this deed of record, and as corroborated by the testimony of witnesses Martín Martínez Lebrón, Juan Berríos and Obdulio Benítez, who testify that they had seen him about that time in Yabucoa and had heard him say that he had a power of attorney from his mother and sister to settle the litigation with Cuesta, from this it is to be deduced that if they did not appear to make answer to the complaint in due time, it was not on account of insuperable *force majeure,* but for other causes under their control.

In view of the provisions of law cited, we adjudge that we should affirm, and we do hereby affirm, the judgment appealed from rendered on April 18, 1903, with the costs against the appellants.

*Affirmed.*

Justices Hernández, Figueras, MacLeary and Wolf concurred.